COMPUTING SCALE CO. et al. v. TOLEDO COMPUTING SCALE CO.

(Circuit Court of Appeals, Second Circuit. May 12, 1915.)

No. 255.

PATENTS ☞328—INVENTION—IMPROVEMENT IN COMPUTING SCALES.
 The Bane & Crane patent, No. 937,573, for an improvement in computing scales, whereby an electric lamp is automatically lighted when the weighing operation begins and is put out on its completion, *held* void for lack of invention.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here on appeal from a decree entered on July 13, 1914, in the United States District Court of the Southern District of New York, dismissing the bill of complaint in a suit brought by the plaintiffs against the defendant for the infringement of letters patent No. 937,573.

Drury W. Cooper and J. B. Hayward, both of New York City, for appellants.

Frank Parker Davis, of Chicago, Ill. (Charles Neave, of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The invention which is the subject-matter of the patent has to do with an improvement in computing scales, whereby an electric lamp is lighted at the moment the weighing operation begins, and is put out upon its completion. The specification of the patent indicates the possibility of applying it to other scales of ordinary type, such as floor and platform scales, but the only use that has been made of the invention by either of the parties is in computing scales. Indeed, it seems to be admitted that the invention is, in fact, inapplicable to other types of scales. The computing feature of the machine is not, however, directly concerned. In other words, the presence or absence of a table or chart of computed values does not affect the mechanical or electrical action. There is simply greater occasion for illuminating a scale which has such a table or chart than for illuminating one which merely shows weight, as the table of computations is necessarily made up of numerous figures and graduations in a circumscribed area. The patent is for the simple expedient

of arranging an electric circuit closer on a scale, so as to automatically close a light circuit and illuminàte the weighing scale while it performs its operation.

The patent was issued to Harry H. Bane and Samuel G. Crane on October 19, 1909, which patent passed by subsequent assignments to the plaintiffs. The court below conceded that Bane & Crane first made a scale in which, at the critical point of weighing, the circuit was closed and the beam was free from the disturbing weight of the contact beam, while at the normal position it had engaged the contact beam and broken the circuit. The District Judge well expressed the situation when he said:

"I must therefore hold that the invention here consisted only of the mere conception of lighting a computing scale automatically when in use, and then only. Once you had that idea, you had only to look to the nearest possible art—i. e., that of electrical contacts upon scales—and the whole mechanism was at hand, at least any mechanism which the defendant has ever used. Should it, therefore, be held to be invention to see that it would be a good thing to illumine the chart of such a scale with an automatic light? Cash registers were not very remote, and automatic lights had been put on them, Gibbs, 509,685. But surely no invention was necessary to discover the need of a light when the scale was set in a dark place, and, once you thought of a light, it hardly required invention to consider that it would be well to have it automatic. If, therefore, I am right in supposing that the scale art had already completely developed the necessary mechanism of electrical contacts, which, when applied to a computing scale, would fill the need so conceived, I confess that I cannot quite see what room is left for invention."

The bill was dismissed on the ground that what the patentees did amounted to "useful ingenuity, but that there was absolutely nothing to suggest that it was beyond the scope of the mechanical abilities of thousands of active, fertile minds which are constantly at work in this art putting it forward by gradual accretion." And upon a careful consideration of all the facts we have reached a like conclusion, and are obliged to hold that what was done did not rise to the dignity of invention, and that patent No. 937,573 must, in accordance with the opinion of the court below and for reasons therein stated, which we adopt, be held invalid.

Decree affirmed.